# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**vs.)     No. 19-0040** (BOR Appeal No. 2053111)
(Claim No. 2014014137)

**CHARLES G. DELBERT,**
**Claimant Below, Respondent**

**FILED**

February 21, 2020

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Charles G. Delbert, by Counsel M. Jane Glauser, filed a timely response.

The issue on appeal is permanent total disability. The claims administrator denied Mr. Delbert's application for a permanent total disability award on February 14, 2018. The Office of Judges reversed the decision in its July 6, 2018, Order and remanded the case with instructions to find that Mr. Delbert has met the required 50% whole body impairment threshold to be further considered for a permanent total disability award. The Order was affirmed by the Board of Review on December 21, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Delbert, a coal miner, alleges that he has become permanently and totally disabled as a result of his work injuries. Mr. Delbert submitted an application for permanent total disability benefits on August 13, 2014. He listed his impairment ratings as follows: 3% for the right arm, 11% for the lumbar spine, 1% for the right finger, 25% for the cervical spine, 9% for the thoracic spine, and 10% for occupational pneumoconiosis. His application was approved and the case was referred to the Permanent Total Disability Review Board on September 15, 2014.

1

Sushil Sethi, M.D., performed an independent medical evaluation on November 17, 2014, in which he assessed 0% right arm impairment, 5% lumbar spine impairment, 0% thoracic spine impairment, 15% cervical spine impairment, and 0% finger impairment. Dr. Sethi opined that Mr. Delbert had recovered well over the years. His conditions were stable, and Dr. Sethi believed he was capable of gainful employment.

On February 19, 2015, Stephen Mascio, D.O., performed a functional capacity evaluation in which he found that Mr. Delbert put forth maximum effort. He was unable to perform the majority of the physical demands required by his former job as a coal miner. Mr. Delbert had reached maximum medical improvement for his conditions and Dr. Mascio found that his reports of pain was consistent with his performance. Mr. Delbert could operate at the light physical demand level; however, his pain level was four out of ten, which is functionally disabling pain and may interfere with his ability to perform. Dr. Mascio recommended Mr. Delbert be instructed on how to do a home program to improve flexibility and strengthening for the neck, back, and legs.

Joseph Grady, M.D., performed an independent medical evaluation on April 30, 2015, in which he assessed status post C4-5 microdiscectomy, cervical discectomy, and fusion, as well as spondylitic disc osteophyte complex at C5-6 and a C3-4 disc herniation. Dr. Grady noted that Mr. Delbert's neck range of motion had significantly decreased since his evaluation in 2010. Dr. Grady opined that he needed an EMG and a follow-up with a spinal surgeon.

On May 15, 2015, Erin Saniga, M.Ed., C.R.C., performed a permanent total disability evaluation in which she found that Mr. Delbert is not permanently and totally disabled. She found multiple jobs within a seventy-five mile radius that he could perform. Ms. Saniga stated that most of the jobs are entry level with on the job training; however, some training on the basics of computers and typing would benefit Mr. Delbert. She also opined that vocational services would be helpful in finding appropriate jobs.

The Permanent Total Disability Review Board issued its Final Recommendation on November 9, 2015. It found that Dr. Sethi's evaluation was the most current and accurate assessment of Mr. Delbert's impairment. The Board accepted his findings of 12% impairment for the cervical spine; 5% for the lumbar spine; and 0% for the right arm, thoracic spine, and right finger. The Board also found Christi Cooper-Lehki, D.O.,'s psychiatric impairment evaluation to be reliable. She determined that Mr. Delbert had 4% impairment for depressive disorder and the Board accepted her assessment. The Board also accepted the finding of the Occupational Pneumoconiosis Board that Mr. Delbert has 10% impairment due to occupational pneumoconiosis. The Permanent Total Disability Review Board concluded that Mr. Delbert had 28% whole body impairment due to his compensable injuries. This fell short of the 50% threshold required by West Virginia Code §23-4-6(n)(1) (2019). The Board noted that it is statutorily required to reevaluate impairment awards and determine whether a claimant has suffered 50% whole body impairment. The Board does not merely add the total of all impairment awards. The Board also noted that if it did combine Mr. Delbert's awards, he still falls under the 50% threshold. The Board noted that Dr. Law opined Mr. Delbert had not reached maximum medical improvement from a psychiatric stand point and that Dr. Guberman opined he needed further treatment for his neck. The Board questioned whether Mr. Delbert's request for a permanent total disability award was premature.

The Board concluded that his application for permanent total disability should be denied. On April 15, 2016, the Office of Judges found that Mr. Delbert failed to meet the 50% threshold required for a permanent total disability award. The Board of Review reversed and remanded the decision.

In a December 19, 2016, addendum to his report, Dr. Sethi performed an independent medical evaluation in which he evaluated Mr. Delbert's thoracic spine. He revised his whole person impairment to 27% instead of his previous assessment of 19% impairment. Dr. Guberman performed an independent medical evaluation on January 19, 2017, in which he assessed 3% impairment for the right arm, 13% for the lumbar spine, 1% for the right finger, 25% for the cervical spine, and 8% for the thoracic spine. When combined with the 10% impairment for occupational pneumoconiosis and 4% psychiatric impairment, the total impairment was 51%.

On April 26, 2017, Dr. Cooper-Lehki performed an independent medical evaluation for claim number 2001056879 in which she found Mr. Delbert had reached maximum medical improvement for his compensable diagnosis of depressive disorder. Dr. Cooper-Lehki assessed 4% impairment. She noted that he had told several people that he has chronic traumatic encephalopathy due to several head injuries he sustained in the mines. Dr. Cooper-Lehki found that Mr. Delbert had never undergone any brain imaging. Further, psychological testing performed on three separate occasions failed to suggest a brain injury and saw no need for further neuropsychological testing. Dr. Cooper-Lehki found no documentation supporting Mr. Delbert's assertion that he repeatedly hit his head in the mines. Kirk Bryant, Ph.D., evaluated Mr. Delbert the same day per Dr. Cooper-Lehki's request. Dr. Bryant noted that Mr. Delbert reported hitting his head several times while working in the mines. After evaluation, he found Mr. Delbert had a superior intellect with strength in working memory but weakness in processing speed, though he was still in the average range. Mr. Delbert had somatic complaints and irritability which Dr. Bryant attributed to depression. Dr. Bryant found that Mr. Delbert had executive functioning weakness in problem solving. He opined that it was possible the weakness interferes with his encoding of new information, leading to lapses in memory. Dr. Bryant opined that pain, mood disturbance, and anxiety are the likely causes of his cognitive weaknesses.

In its August 14, 2017, Modified Initial Recommendation, the Permanent Total Disability Review Board determined that Dr. Guberman's evaluation was the most accurate and current assessment of Mr. Delbert's impairment. The Board accepted 40% impairment for the spine, representing 25% cervical, 13% lumbar and 8% thoracic impairment. The Board found that Dr. Guberman's finding of 3% impairment for subcutaneous palpable callus formation was incorrect. The impairment was for skin disorders, which are not compensable. The Board therefore disregarded the 3% impairment. The Board accepted 1% impairment for the right finger, 10% for occupational pneumoconiosis, and 4% for psychiatric impairment. The Board combined the impairments and found that Mr. Delbert had 49% whole person impairment.

Dr. Guberman prepared a supplement to his evaluation regarding the right upper extremity on August 28, 2017. He noted that Dr. Wiley evaluated Mr. Delbert and recommended 3% impairment based on decreased grip strength. Dr. Guberman stated that he also found right hand grip weakness. He opined that Mr. Delbert had 6% impairment for the upper extremity. 3%

impairment was attributed to radiculopathy and the other 3% was attributed to the right ring finger injury.

On February 12, 2018, the Permanent Total Disability Review Board determined in its Modified Final Recommendation that Mr. Delbert had 49% whole person impairment. The Board disagreed with Dr. Guberman's finding of an additional 4% impairment for the left shoulder and 3% impairment for decreased grip strength. In his 1998 report, Dr. Wiley found that Mr. Delbert had full range of motion of the shoulders and wrists, as well as normal left hand grip strength. Dr. Yanchus also found normal grip strength in his 1999 report. Further, a 2014 physical therapy evaluation also found normal grip strength. The Board again concluded that Mr. Delbert failed to meet the 50% whole person impairment threshold for a permanent partial disability award. The claims administrator denied the claimant's application for a permanent total disability award on February 14, 2018.

Dr. Guberman performed an independent medical evaluation on April 13, 2018, in which he evaluated Mr. Delbert's left shoulder and right arm injuries. Dr. Guberman stated that he disagreed with Dr. Wiley's recommendation regarding the left shoulder injury. Dr. Wiley failed to document his examination of the left shoulder in accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Guberman assessed a total of 53% whole person impairment.

The Office of Judges reversed the claims administrator's rejection of the claim for a permanent total disability award in its July 6, 2018, Order and remanded the case with instructions that Mr. Delbert has met the 50% whole body impairment threshold and should be further considered for a permanent total disability award. It found that the Permanent Total Disability Review Board determined that Dr. Guberman's first independent medical evaluation was reliable for everything except 3% impairment for a right hand/arm injury. Dr. Wiley also found 3% right arm impairment in his report. In his second evaluation, Dr. Guberman explained his reasoning for assessing 3% right arm impairment. The Office of Judges concluded that while Dr. Guberman's finding of 4% impairment for a no-lost-time left shoulder injury was spurious, there is evidence supporting his finding of 3% right arm/hand impairment for loss of grip strength. Dr. Wiley also assessed 3% impairment for grip strength. The Office of Judges determined that the Permanent Total Disability Review Board erred in not accepting the 3% impairment for the right arm/hand. When the 3% for the right arm is combined with 40% for the spine, 10% for occupational pneumoconiosis, 4% for psychiatric disorders, and 1% for the right finger, Mr. Delbert has 51% whole person impairment. The Office of Judges held that he has therefore met the second threshold for a permanent total disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-6(n)(1), in order to receive a permanent total disability award, a claimant must first show that he or she has received at least 50% in permanent partial disability awards. Next, the claimant must be evaluated by the reviewing Board and be found to have at least 50% whole body impairment. In this case, Mr. Delbert has shown that he has at least 50% in prior permanent partial disability awards. The issue

4

is whether he has 50% whole person impairment. The Office of Judges, and by extension Board of Review, committed no reversible error in finding that he passed the second threshold for a permanent total disability award. Dr. Guberman's report was found to be reliable for everything but the 3% arm impairment and 4% shoulder impairment. The Office of Judges properly discarded the 4% shoulder impairment as the evidence failed to support the assessment. However, the 3% impairment for loss of grip strength was supported by Dr. Wiley's assessment. Mr. Delbert should be further considered for a permanent total disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 21, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison